# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| WARREN EASTERLING, | : | |
| Plaintiff, | : | Case No. 3:14cv00096 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Chief Magistrate Judge Sharon L. Ovington |
| BARBARA GORMAN, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

### I. PLAINTIFF'S COMPLAINT

Plaintiff Warren Easterling, a resident of Dayton, Ohio, brings this case *pro se* claiming that Judge Barbara Gorman violated his rights under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution. Judge Gorman presides in the Montgomery County, Ohio Court of Common Pleas.

Plaintiff claims that Judge Gorman violated his rights during a prior civil case he filed in the Montgomery County Court of Common Pleas against his former employer, Croswell Bus Lines, Inc., *Warren Easterling v. Croswell Bus Lines, et al.*, Case No. 2009 CV 8648 (Ct. C. Pl., Montgomery Cnty)(Gorman, J.). In that prior civil case, Plaintiff

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

claimed that Croswell Bus Lines wrongfully terminated his employment as a bus driver in violation of Croswell's disciplinary procedures. (Doc. #2, PageID at 74-75). Faced with cross-motions for summary judgment, Judge Gorman granted Croswell's motion for summary judgment, overruled Plaintiff's motion for summary judgment, and terminated the case upon the record of the Common Pleas Court. *Id*., PageID at 76-79. Upon Plaintiff's appeal, the Ohio Court of Appeals affirmed Judge Gorman's decision. *Id*., PageID at 99-102. Both state judicial decisions were issued in 2010.

Turning back to the present case, Plaintiff claims that Judge Gorman violated his rights under the Equal Protection Clause and "Civil Rule 56" by granting Croswell's motion for summary judgment "when there were multiple genuine issues of material facts which prevent[ed] summary judgment from being granted to the defendant as a matter of law where this action is in violation of Title 42 U.S.C. 1985." (Doc. #2, PageID at 58). He reasons:

> Defendant Croswell Bus Lines' December 21, 2009 sworn Affidavit by General Manager Susan Maham controverts the facts used in the court[']s decision and creates multiple Genuine issues to [sic] material facts leaving the defendant's testimony in agreement with plaintiff Warren Easterling's initial claim of being terminated for two customer complaints, as supported by exhibit C and the company handbook termination is not an acceptable punishment for two verified complaint's [sic] in 12 months.

*Id*. He further maintains that Maham's affidavit contradicts her reason for terminating his employment.

Plaintiff's Complaint identifies further purported genuine issues of material facts,

2

and he asserts, "The court can prove no un-controverted fact upon which summary judgment could be granted to the defendant, Croswell Bus Lines ...." (Doc. #2, PageID at 59). Plaintiff also claims that because Judge Gorman did not comply with the requirements of Rule 56 "which serve to the detriment of the defendant ...," and because she refused to perform her lawful duties, she "is guilty of obstruction of justice ...," under Title 42 U.S.C. 1985. (Doc. #2, PageID at 65).

Additionally, Plaintiff asserts that Judge Gorman is liable for the acts or omissions of her Bailiff that prevented Plaintiff from engaging in discovery, which violated his right to due process. *Id.*, PageID at 66.

Plaintiff summarizes and frames his claims under two "FEDERAL QUESTION[S]": The first question presents his equal-protection/conspiracy/obstruction-of-justice claim based on Judge Gorman's summary-judgment decision; the second question presents his due-process/conspiracy claim against Judge Gorman based on the alleged misconduct committed by her Bailiff. *Id.*, PageID at 70. Plaintiff seeks (1) answers to his two federal questions; (2) a decision requiring a reversal of Judge Gorman's summary-judgment decision or requiring a trial on the merits after discovery; and (3) an Order granting him "leave to participate in the [state] case if necessary due [to Plaintiff] being declared a vexatious litigator in accordance with 2323.52 of the Ohio Revised Code." *Id.*, PageID at 70-71 (capitalization omitted).

## II.     ADDITIONAL BACKGROUND AND
         APPLICABLE STANDARDS

The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* under 28 U.S.C. §1915 in this case. The case is presently before the Court for *sua sponte* review to determine whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous or malicious. If the Complaint suffers from either of these deficiencies, it must be dismissed under 28 U.S.C. §1915(e)(2)(B)(i). *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

"A complaint is frivolous only if the plaintiff fails to present a claim with 'an arguable basis either in law or in fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting, in part, *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). A Complaint lacks an arguable legal basis when it presents "indisputably meritless" legal theories—for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *See Neitzke,* 490 U.S. at 327–28; *see also Brand,* 526 F.3d at 923. A Complaint lacks arguable facts when its allegations are "fantastic or delusional." *Brand,* 526 F.3d at 923 (quoting *Neitzke,* 490 U.S. at 327-28); *see Lawler v. Marshall,* 898 F.2d 1196, 1199 (6th Cir. 1990).

*Sua sponte* review also requires dismissal of an *in forma pauperis* Complaint, or any portion of it, that fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To state such a claim, the "complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting, in part, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

Plaintiff's Complaint does not raise fantastic or delusional facts; it instead describes an actual state-court civil proceeding and some alleged events connected to it. *See Jones v. Schmaker*, 1999 WL 1252870 at *1 (6th Cir. 1999) ("Examples of claims lacking rational facts include a prisoner's assertion that Robin Hood and his Merry Men deprived prisoners of their access to mail or that a genie granted a warden's wish to deny prisoners any access to legal texts." (citing *Lawler,* 898 F.2d at 1198-99)); *cf. Iqbal,* 129 S.Ct. at 1959 (Souter, J., dissenting) (courts need not accept as true "allegations that are sufficiently fantastic to deny reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel.").

Accepting Plaintiff's allegations as true and liberally construing his *pro se* Complaint in his favor, any claims seeking monetary relief that he may be asserting against Judge Gorman are subject to dismissal because she is entitled to absolute immunity. *Mireles v. Waco,* 502 U.S. 9, 9-10 (1991); *see Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997) (and cases cited therein). "It is well-established that judges

5

enjoy judicial immunity from suits arising out of the performance of their judicial functions." *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (citing *Pierson v. Ray,* 386 U.S. 547, 553-54 (1967)) (other citation omitted). Judges are accorded this broad protection to ensure that their independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115.

Plaintiff's claims against Judge Gorman arise from her decision to overrule his motion for summary judgment and to grant his former employer's motion for summary judgment and terminate his case. Such paradigmatic judicial decision-making triggers absolute immunity and shields Judge Gorman from monetary damages. *See Mann v. Conlin*, 22 F.3d 100, 104 (6th Cir. 1994) ("'Paradigmatic judicial acts' are those that involve resolution of disputes 'between parties who have invoked the jurisdiction of a court....'" (citation omitted)); *see also Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Plaintiff's Complaint therefore fails to state a plausible claim for monetary relief or a claim with an arguable basis either in law or in fact. *See Brand,* 526 F.3d at 923.

To the extent Plaintiff seeks non-monetary relief, his Complaint is untimely. Plaintiff's constitutional claims arise under 42 U.S.C. § 1983 and must be brought in Ohio within two years of the date the cause of action accrued. *Browning v. Pendleton,* 869 F.2d 989, 992 (6th Cir.1989). "The statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action."

*McCune v. City of Grand Rapids,* 842 F.2d 903, 905 (6th Cir. 1988).

Judge Gorman issued her decision in Plaintiff's prior state-court civil action on April 20, 2010. (Doc. #2, PageID at 74). Plaintiff's present Complaint rests on allegations and claims against Judge Gorman based on her April 20, 2010 decision. On this date, Plaintiff knew or reasonably should have known about his alleged claims. As a result, Plaintiff had two years from April 20, 2010 to file the present case. Yet he filed his present case in late March 2014, nearly four years after Judge Gorman issued her decision. His Complaint is therefore barred by the two-year statute of limitations. *See Browning,* 869 F.2d at 992; *see Sykes v. United States*, 507 Fed. App'x 455, 462 (6th Cir. 2012) (applying the same two-year statute of limitation to claims brought under 42 U.S.C. §1985). It likewise does not assist Plaintiff to assume, in his favor, that he did not know about his constitutional claims until the Ohio Court of Appeals issued its decision, affirming Judge Gorman's decision, on October 1, 2010. Using this as Plaintiff's accrual date, he filed his present case well after the two-year statute of limitations expired. For these reasons, Plaintiff's Complaint is time barred.

Turning to Plaintiff's obstruction-of-justice claim under 18 U.S.C. §241, this is a federal criminal statute. By its plain meaning, it provides no civil relief to an individual person. Rather, given its focus on criminal conduct, only the United States of America as sovereign can bring criminal charges against someone under §241 and then only through a criminal complaint filed by the United States Attorney or by an indictment returned by a

7

federal grand jury. Plaintiff therefore lacks standing to bring a claim against Judge Gorman under 18 U.S.C. §241.

Accordingly, for all the above reasons, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. §1915(e)(2)(B).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Complaint be DISMISSED with prejudice;

2. The Court certify pursuant to 28 U.S.C. §1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and

3. The case be terminated on the docket of this Court.


May 20, 2014

               s/Sharon L. Ovington
                Sharon L. Ovington
            Chief United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).