IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WARREN EASTERLING,              :
    Plaintiff,
                                            Case No. 3:14-cv-96
v.                              :
                                            JUDGE WALTER H. RICE
BARBARA GORMAN,
    Defendant.                  :

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #3);
OVERRULING PLAINTIFF'S OBJECTIONS THERETO (DOC. #4);
DISMISSING CASE WITH PREJUDICE; JUDGMENT TO ENTER IN
FAVOR OF DEFENDANT AND AGAINST PLAINTIFF; DENYING LEAVE
TO APPEAL *IN FORMA PAUPERIS*; TERMINATION ENTRY

---

Based on the reasoning and citations of authority set forth by United States Magistrate Judge Sharon L. Ovington, in her May 20, 2014, Report and Recommendations (Doc. #3), as well as upon a thorough *de novo* review of this Court's file and the applicable law, this Court ADOPTS said judicial filing in its entirety, and OVERRULES Plaintiff's Objections thereto (Doc. #4).

Plaintiff argues that his claims brought under 42 U.S.C. § 1985 are not barred by the two-year statute of limitations because there was "fraud on the court" and because the "continuing crimes exception" applies. Since Plaintiff cites to no authority, the nature of his argument is not entirely clear. "Fraud on the court" may be a basis for granting a motion for relief from final judgment under

Federal Rule of Civil Procedure 60(b), but it has little relevance to the question of whether a cause of action was timely filed.

A statute of limitations may be equitably tolled under the doctrine of fraudulent concealment, if inequitable circumstances prevent a plaintiff from suing before the statute of limitations has run. The plaintiff must demonstrate that "(1) the defendant took affirmative steps to conceal the plaintiff's cause of action; and (2) the plaintiff could not have discovered the cause of action despite exercising due diligence." *Jarrett v. Kassel*, 972 F.2d 1415, 1423 (6th Cir. 1992). In this case, however, Plaintiff identifies no affirmative steps taken by Defendant Barbara Gorman to conceal his cause of action, and he does not explain why he could not have discovered the cause of action earlier than he did. Therefore, there is no basis for equitable tolling.

Plaintiff also invokes a "continuing crimes exception." The Court presumes that he is referring to the "continuing violation" theory, which, in narrow circumstances, operates to extend the statute of limitations in Title VII cases. This exception, however, "rarely extends" beyond that context, and does not operate to preserve claims arising from serial violations occurring outside the limitations period. *Sharpe v. Cureton*, 319 F.3d 259, 266-67 (6th Cir. 2003). It does not apply to Plaintiff's claims brought under 42 U.S.C. § 1985.

Because Plaintiff's § 1985 claims are time-barred, and because 18 U.S.C. § 241 provides no individual civil cause of action, the Court DISMISSES the above-captioned case WITH PREJUDICE.

Judgment will be entered in favor of Defendant and against Plaintiff.

Given that any appeal of this Order would not be taken in good faith, Plaintiff is DENIED leave to appeal *in forma pauperis*.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: June 5, 2014

WALTER H. RICE
UNITED STATES DISTRICT JUDGE